Hawkins, J.,
delivered the opinion of the Court.
The plaintiff was indicted as a man of color, in the Circuit Court of Sevier County, at its March Term, 1865, for an assault, with intent to kill, upon one Leanah Eeed, a free white person.
At the following July Term of said Court, a trial was had, which resulted in a verdict and judgment against the plaintiff in error; to reverse which, a mo *179 tion for a new trial Raving been overruled, he has appealed to this Court.
The principal questions presented for our consideration, arise upon the charge of the Circuit Judge to the jury. The portion of the charge excepted to, is as follows, to-wit:
“That if the jury should find the defendant did unlawfully and maliciously shoot' said Leanah Reed, as charged in the indictment, though done without the necessary ingredients to constitute the crime of murder, in the first degree, had death ensued, yet if done with malice and premeditation, such as explained to you to make the crime murder .at common law, if death had ensued, the defendant is guilty, under sec. 4608 of the Code, of malicous shooting, and must be punished by imprisonment in the ' Penitentiary, from two to ten years; and that, under sec. 5122, said offense of malicious shooting is embraced in the offense of a felonious assault, with intent to kill and murder in the first degree; and that upon an indictment for a larger offense, the defendant may be found guilty of a smaller one.”
We think the charge was clearly erroneous. Sec. 5122 of the Code, provides, that “on an indictment for a public offense, admitting of different degrees, the defendant may be convicted of s/uch offense, or any degree lower than that charged in form in such indictment. But this cannot' be so construed as to mean that the defendant who is indicted for a high crime, may be convicted of any offense, of low&r grade.
The offense of “malicious shooting,” is not em *180 braced 'within the offense of a felonious assault, with intent to kill and murder, in the first degree.” The offenses are separate, distinct and independent, and in no sense, are they different grades of the same offense.
The jury found the accused guilty of unlawful and malicious shooting, as charged in the indictment; an offense not charged in the indictment. The verdict is unauthorized by law; but as the question has not- been raised, by motion, or in argument, we express no opinion as to its legal effect, as touching the right or further liability of the accused.
The questions before referred to, are decisive of the case; therefore, it is unneccessary to determine other questions raised in the argument.
The judgment will be reversed, and the cause remanded.